## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| 24-7 Bright Star Healthcare, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>Bright Star Adult Day Service LLC,<br><br>Defendant. | Civil Action No. _____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

This is an action by 24-7 Bright Star Healthcare, LLC ("Plaintiff") for monetary damages and injunctive relief arising from Bright Star Adult Day Service LLC's ("Defendant") infringement of Plaintiff's trademarks, including its BRIGHTSTAR trademark.  In support of its claims for relief, Plaintiff alleges as follows:

### THE PARTIES

1.      Plaintiff is a limited liability company organized and existing under the laws of the State of Nevada with its principal place of business at 1125 Tri-State Parkway, Gurnee, Illinois 60031.

2.      Upon information and belief, Defendant is a limited liability company organized and existing under the laws of the State of Minnesota with its principal place of business located at 1094 University Avenue West, St. Paul, Minnesota 55104-4707.

**JURISDICTION AND VENUE**

3.      Through this Complaint, Plaintiff asserts claims against Defendant that arise under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, *et seq*.

4.      The Court has original subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as 15 U.S.C. § 1121(a) because Plaintiff's claims arise under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

5.      Jurisdiction over the common law claim and Minnesota Uniform Deceptive Trade Practices Act claim is also appropriate under 28 U.S.C. § 1367(a) because those claims are substantially related to the Lanham Act claims.

6.      The Court has personal jurisdiction over Defendant because Defendant is a limited liability company organized under the laws of the State of Minnesota with its principal place of business in Minnesota.  The Court also has personal jurisdiction over Defendant because the causes of action pled herein arise from Defendant transacting business in Minnesota and because Defendant is causing tortious injury to Plaintiff by acts or omissions taking place in Minnesota.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant's principal place of business is in this judicial district and pursuant to 28 U.S.C. §§ 1391(b)(2)-(3) because a substantial part of the events giving rise to the claims for relief herein occurred in this judicial district, and Defendant is subject to the Court's personal jurisdiction for the claims alleged herein.

## BACKGROUND FACTS

**A.    Plaintiff's Well-Known BRIGHTSTAR Marks**.

8.    Plaintiff, through its franchisees and licensees, offers a variety of services, including professional, compassionate home health care services offered by nurses, therapists, certified nursing assistants, and caregivers through more than 420 franchised locations nationwide, including multiple locations in Minnesota.

9.    In addition, Plaintiff, through its franchisees and licensees, offers a variety of personal care assistance services pertaining to activities of daily living, companion care services, and respite care services, among other services, to seniors, adults, and mentally and physically challenged individuals.

10.    Since at least as early as 2004, Plaintiff, together with its licensees and franchisees, have used the trademark BRIGHTSTAR, and variations thereof, in connection with home health care services, companionship services, and other personal care assistance services.

11.    Plaintiff owns at least the following U.S. trademark registrations that incorporate the BRIGHTSTAR trademark:

| Trademark | Classes Covered | Reg. No. | Reg. Date |
|---|---|---|---|
| BRIGHTSTAR | Services in Classes 35, 39, 43, 44, and 45 | 3608702 | 21-Apr-2009 |
| BRIGHTSTAR CARE | Services in Classes 39, 43, 44, and 45 | 3608701 | 21-Apr-2009 |
| BRIGHTSTAR CARE | Services in Classes 35, 39, 43, 44, and 45 | 4042547 | 18-Oct-2011 |

| Trademark | Classes Covered | Reg. No. | Reg. Date |
|---|---|---|---|
| BRIGHTSTAR CARE | Services in Class 35 | 3101923 | 06-Jun-2006 |
| BRIGHTSTAR (and design) | Services in Classes 35, 39, 44, and 45 | 7214797 | 07-Nov-2023 |
| BRIGHTSTAR CARE (and design) | Services in Classes 35, 39, 44, 45 | 7214796 | 07-Nov-2023 |
| BRIGHTSTAR | Services in Class 44 | 7083754 | 20-Jun-2023 |

12. These marks are hereinafter referred to as the "BrightStar Marks," and certificates of registration for each registration are attached as Exhibit 1.

13. All of the foregoing registrations for the BrightStar Marks are in full force and effect and U.S. Reg. Nos. 3608702, 3608701, 4042547, and 3101923 are incontestable under 15 U.S.C. § 1065.

14. The BrightStar Marks are inherently distinctive.

15. Plaintiff also owns common law rights in the BrightStar Marks arising from its use of these marks in connection with home health care services, various personal care assistance services, companionship services, and respite care services, among other care services, for the seniors, adults, and mentally and physically challenged individuals in Minnesota.

**B.    Defendant's Unlawful Activities**.

16. In or around May 2022, Defendant was established in Minnesota under the name Bright Star Adult Day Service LLC.

4

17.    Thereafter, Defendant adopted and began using the mark BRIGHT STAR ADULT DAY SERVICES ("Defendant's Mark") in connection with adult day care services, including, without limitation, health and wellness services, skill building services, social services, and respite care for seniors and adults.

18.    Defendant's services under Defendant's Mark are advertised on its website at http://www.brightstaradultday.com/ (the "Domain Name"), a screenshot of which appears as follows:



19.    As shown above, Defendant's website prominently displays the words "Bright Star," with "adult day services" much less visible underneath, and Defendant's email address uses the phrase "brightstaradc."

20.    The website at Defendant's Domain Name depicts the BRIGHT STAR ADULT DAY SERVICES trademark.

21. Defendant's health and wellness services, skill building services, social services, and respite care for seniors and adults under Defendant's Mark are the same as, or highly similar to, the services offered by Plaintiff under the BrightStar Marks.

22. Defendant's Mark is virtually identical to Plaintiff's BRIGHTSTAR trademark and merely adds the generic and descriptive words "Adult Day Services" to Plaintiff's registered BRIGHTSTAR mark.

23. Defendant's use of Defendant's Mark in providing its care services for the elderly and adults without Plaintiff's authorization is causing or is likely to cause consumer confusion as to the source of Defendant's services and result in damage and detriment to Plaintiff and its reputation and goodwill.

**C.      Plaintiff's Futile Attempts to Amicably Resolve the Dispute**.

24. On January 16, 2026, Plaintiff sent a letter to Defendant explaining Plaintiff's trademark rights and demanding Defendant cease use of Defendant's Mark.

25. Defendant did not respond by the deadline in Plaintiff's letter, and Plaintiff followed up via email on January 27, 2026.

26. Defendant responded on January 28, 2026, stating simply, "We are not interested."

27. Plaintiff sent Defendant a second letter on February 13, 2026, again demanding  Defendant cease use of Defendant's Mark.

28. Defendant did not respond.

29.    Despite Plaintiff's numerous, reasonable efforts to amicably resolve this matter, Defendant's corporate registration and website advertising Defendant's Mark remain active and its use of Defendant's Mark continues unabated.

30.    Defendant continues to offer services, including health and wellness services, skill building services, social services, and respite care for the seniors and adults, under Defendant's Mark.

31.    Defendant uses and, upon information and belief including based on the parties' correspondence, intends to continue to use Defendant's Mark without Plaintiff's authorization, and is thereby likely to create confusion among consumers as to the source of Defendant's services and resulting in damage and detriment to Plaintiff and its reputation and goodwill.

32.    Upon information and belief, Defendant willfully and knowingly used and continues to use Defendant's Mark with knowledge of Plaintiff's rights in the BrightStar Marks.

**COUNT I**
**Federal Trademark Infringement**
**(15 U.S.C. § 1114)**

33.    Plaintiff realleges the allegations contained in paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34.    Defendant's actions described above and specifically, without limitation, its unauthorized use of Defendant's Mark, which is confusingly similar to Plaintiff's BrightStar Marks, in commerce to advertise, promote, market, and sell Defendant's

services throughout the United States, including in Minnesota, constitute infringement of Plaintiff's federally registered trademarks in violation of 15 U.S.C. §1114.

35. Defendant has used in commerce, without Plaintiff's permission, Defendant's Mark in a manner that is likely to cause confusion with respect to the source and origin of Defendant's business and is likely to cause confusion or mistake and to deceive purchasers as to the affiliation, connection, approval, sponsorship, or association of Plaintiff and the Brightstar Marks with Defendant and Defendant's services.

36. Defendant's actions, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the BrightStar Marks and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

37. Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant in connection with its unauthorized use of Defendant's Mark, and the costs of this action.

38. Upon information and belief, Defendant's actions are willful, and Defendant intentionally caused and continues to cause confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT II
### Federal Unfair Competition, Trademark Infringement, and False Designation of Origin
### (15 U.S.C. § 1125(a))

39.    Plaintiff realleges the allegations contained in paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40.    Defendant's actions described above and specifically, without limitation, its unauthorized use of Defendant's Mark, which is confusingly similar to the BrightStar Marks, in commerce to advertise, promote, market, and sell Defendant's services throughout the United States, including in Minnesota, constitute federal unfair competition and trademark infringement in violation of 15 U.S.C. § 1125(a).

41.    Defendant's unauthorized use in commerce of Defendant's Mark constitutes a false designation of origin and a false association that wrongfully and falsely designates the services and products offered thereunder as originating from Plaintiff or being associated, affiliated, or connected with or approved or sponsored by Plaintiff.

42.    Defendant's actions, if not enjoined, will continue.  Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the BrightStar Marks and injury to Plaintiff's business.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

43.    Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant in connection with its unauthorized use of Defendant's Mark, and the costs associated with this action.

44.     Upon information and belief, Defendant's actions are willful, and Defendant intentionally caused and continues to cause confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT III
### Common Law Unfair Competition

45.     Plaintiff realleges the allegations contained in paragraphs 1 through 44 of this Complaint as though fully set forth herein.

46.     Defendant's actions complained of herein constitute unfair competition under the common law of the State of Minnesota.

47.     Defendant's actions have caused and will likely continue to cause confusion, mistake, and deception among consumers.

48.     Defendant's unfair competition has caused and will continue to cause damage to Plaintiff, including irreparable harm for which there is no adequate remedy at law.

49.     As a consequence of Defendant's unfair competition, Plaintiff is entitled to damages and an injunction ordering Defendant to cease its unfair competition and deceptive trade practices.

## COUNT IV
### Unfair Competition Under Minnesota's Uniform Deceptive Trade Practices Act, Section 325D.43 *et seq.*

50.     Plaintiff realleges the allegations contained in paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51.     Defendant's actions complained of herein constitute unfair competition under Minnesota's Uniform Deceptive Trade Practices Act.

52.     In connection with its business and the unauthorized sale and distribution of services and products under the BRIGHT STAR ADULT DAY CENTER name and mark, including when on notice that its conduct was likely to cause confusion, Defendant has engaged in deceptive trade practices, including but not limited to: causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services; and causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another.

53.     Defendant's deceptive trade practices have caused and will continue to cause damage to Plaintiff, including irreparable harm for which there is no adequate remedy at law.

54.     As a consequence of Defendant's deceptive trade practices, Plaintiff is entitled to damages and an injunction ordering Defendant to cease its deceptive trade practices.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

1.     That this Court enter judgment against Defendant and in favor of Plaintiff as indicated below:

   a.     that Defendant has committed and is committing acts of trademark infringement and unfair competition in violation of 15 U.S.C. §§ 1114, 1125(a), and common law;

11

b.      that Defendant has willfully and knowingly committed and is committing acts of trademark infringement in violation of 15 U.S.C. §§ 1114, 1125(a), and common law;

c.      that Defendant has committed unlawful acts, conduct, and practices in Minnesota constituting unfair competition under common law;

d.      that Defendant has committed unlawful acts, conduct, and practices in Minnesota constituting deceptive trade practices under Minnesota's Uniform Deceptive Trade Practices Act, Section 325D.43 *et seq.*;

2.      That this Court grant Plaintiff preliminary and permanent injunctive relief under 15 U.S.C. § 1051 *et seq.* restraining and enjoining Defendant and its agents, partners, servants, employees, officers, attorneys, managers, successors and assigns, and all persons acting in concert with or on behalf of Defendant from:

a.      using, imitating, copying, or making any other infringing use of the BrightStar Marks and any other mark now or hereafter confusingly similar or identical thereto, including, but not limited to, Defendant's Mark;

b.      manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any goods or services under any simulation, reproduction, counterfeit, copy, or colorable imitation of the Brightstar Marks, including, but not limited to, Defendant's Mark;

c.      using any false designation of origin or false description or statement which can or is likely to lead the trade or public or individuals, erroneously

to believe that any good or service has been provided, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Plaintiff, when such is not true in fact;

d.      using any mark identical or confusingly similar to the BrightStar Marks, including, without limitation, Defendant's Mark;

e.      engaging in any other activity constituting an infringement of the BrightStar Marks or of Plaintiff's rights in, or right to use or to exploit, said marks; and

f.      assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above;

3.      That this Court order Defendant to hold in trust, as constructive trustees for the benefit of Plaintiff, its profits obtained from its provision of Defendant's goods and services under Defendant's Mark;

4.      That this Court order Defendant to provide Plaintiff a full and complete accounting of all amounts due and owing to Plaintiff as a result of Defendant's unlawful activities;

5.      That this Court order Defendant to pay Plaintiff's damages and Defendant's profits pursuant to 15 U.S.C. § 1117(a) for Defendant's willful violation of the BrightStar Marks;

6.     That this Court order Defendant to pay trebled damages for the damages sustained by Plaintiff that are attributable to Defendant's willful and knowing infringement of Plaintiff's federally registered trademarks, pursuant to 15 U.S.C. § 1117;

7.     That this Court order Defendant to pay to Plaintiff both the costs of this action and the reasonable attorneys' fees incurred in prosecuting this action;

8.     That this Court order Defendant to pay pre-judgment and post-judgment interest in the maximum amount allowed under the law; and

9.     That this Court award Plaintiff such other and additional relief as the Court may deem just and proper.

## <u>JURY TRIAL DEMAND</u>

Plaintiff demands a trial by jury of all claims so triable.

Dated: July 10, 2026                    **GREENE ESPEL PLLP**

_s/Jeanette M. Bazis_
Jeanette M. Bazis, Reg. No. 0255646
Holley C. M. Horrell, Reg. No. 0399636
222 S. Ninth Street, Suite 2200
Minneapolis, MN 55402
jbazis@greeneespel.com
hhorrell@greeneespel.com
(612) 373-0830

**DLA PIPER LLP (US)**

Michael A. Geller
(*Pro Hac Vice Forthcoming*)
444 West Lake Street, Suite 900
Chicago, IL 60606
michael.geller@us.dlapiper.com

***Attorneys for Plaintiff***
***24-7 Bright Star Healthcare, LLC***